UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Crigler, Individually and on Behalf of All Other Persons Similarly Situated, | Civil Action No. 2:19-cv-00604-MJH |
| Plaintiff, | |
| v. | |
| Seven Point Energy Services, Inc., | |
| Defendant. | |

## ORDER APPROVING CLASS ACTION SETTLEMENT

This matter is before the Court on a consent motion by Plaintiff William Crigler ("Plaintiff") seeking final approval of the Class Action Settlement ("Settlement Agreement"), including payment by Defendant Seven Point Energy Services, Inc. ("Seven Point") of attorneys' fees for Plaintiff's counsel's role as Class Counsel. On April 27, 2020, the Court entered an Order preliminarily certifying the Settlement Class, preliminarily approving the Settlement Agreement, and specifying the manner in which Class Counsel was to provide notice to the members of the Settlement Class. The Settlement Agreement, which is incorporated herein by reference, sets forth the terms and conditions for the Settlement and dismissal with prejudice of the litigation. Terms and phrases in this Order, unless otherwise defined herein, shall have the same meaning as ascribed to them in the Settlement Agreement.

After entry of the Order granting preliminary approval directing dissemination of notice in accordance with the notice plan set forth in the Settlement Agreement, Class Counsel caused the notice to be mailed to Settlement Class Members. Following dissemination of the notice Form and the posting of the notice Form on the settlement website, Settlement Class Members were given an opportunity to (i) submit timely requests for exclusion from the Settlement Class

or (ii) object to the Settlement Agreement. As of July 16, 2020 – the deadline for filing or mailing of objections and exclusions – no objections had been filed, and no exclusion requests had been mailed.

A Final Approval Hearing was held on September 2, 2020, at 10:15 am. As no written objections were timely filed, no Class Members appeared at the hearing.

Based upon the Settlement Agreement, the record and exhibits therein, it appears to the Court that the proposed Settlement is fair, reasonable, and adequate.

It is hereby ORDERED:

1. The Court finds that it has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. Pursuant to Federal Rule of Civil Procedure 23, the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Settlement Class Members") with respect to the following claims asserted in the Lawsuit:

> **Settlement Class:** All current and former non-exempt hourly employees employed by Defendant

There are over 130 Settlement Class Members identified by Seven Point.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court confirms its appointment of Plaintiff William Crigler as Class Representative and its appointment of Plaintiff's Counsel, Migliaccio & Rathod LLP and Robert Peirce & Associates, P.C., as Class Counsel.

4. The Court finds that settlement of the Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

   a. The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

    b. There are questions of law and fact common to the members of each Settlement Class that predominate over any individual questions;

    c. The claims of Plaintiff are typical of the claims of the members of each Settlement Class;

    d. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

5. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate and in the best interest of the Settlement Class Members, especially in light of the benefits to the Class Members, the strength of the Plaintiff's case, the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the class, and the limited amount of any potential total recovery for each Settlement Class.

6. Plaintiff's Unopposed Motion for Final Settlement Approval, in accordance with Fed. R. Civ. P. 23, be granted, and the settlement approved. The Court or Clerk of the Court shall enter the Judgment provided in the Settlement Agreement, and Defendant shall disseminate the relief provided for, including the payment of the incentive award to the class representative and payment to Plaintiff's counsel.

7. The Court finds that the distribution of the notice to Class Members, as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice

practicable under the circumstances to all Class Members within the definition of the Class and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the notice to the Class was adequate.

8. The Court approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement, and finds that each of the releases and other terms are fair, just, reasonable, and adequate to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

9. Seven Point is directed to pay attorneys' fees and costs to Class Counsel consistent with the terms of the Class Action Settlement Agreement. Defendant has agreed to pay $49,570 for Class Counsel's reasonable attorneys' fees, expenses and allowable costs in this matter and have also agreed to pay $2,500 to the Class Representative as a Plaintiff incentive payment. The Court finds that the amount of fees, expenses and costs requested by Class Counsel and the Plaintiff incentive payment are fair and reasonable. Defendant is directed to make such payments in accordance with the terms of the Settlement Agreement.

10. By operation of this Order, as of the Effective Date, and in consideration of the Settlement Agreement and the benefits extended to the Settlement Classes, the Class Representative, on behalf of himself and the Class Members, and each Class Member, on behalf of himself or herself or itself and his or her or its respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, do or by operation of this Order are deemed to have fully

released and forever discharged Seven Point from the released claims in accordance and consistent with the terms of the Settlement Agreement, but not as to any obligations created or owed to them under the terms of the Settlement Agreement.

11. This action is hereby dismissed in its entirety with prejudice.

12. The Court hereby authorizes the Parties, without further approval from the Court, to adopt such amendments, modifications and expansions of the Settlement Agreement and all Exhibits hereto as: (i) shall be consistent in all material respects with this Order; and (ii) do not limit the rights of the Parties or Settlement Class Members.

13. The Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Class Representative, the Class Members, and the Defendant for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

IT IS SO ORDERED.

DATED: September 2, 2020

_____
HON. JUDGE MARILYN J. HORAN
UNITED STATES DISTRICT JUDGE